UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA ANN TARKINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1600 JMB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

BRIEF IN SUPPORT OF THE ANSWER

Summary of Defendant's Brief

Plaintiff alleged disability based on various physical impairments at age 34.  Contrary to Plaintiff's allegations, the Administrative Law Judge (ALJ) appropriately assessed Plaintiff's residual functional capacity (RFC).  The RFC that the ALJ imposed was consistent—if not slightly more restrictive—than the only medical opinion of record.  Additionally, the ALJ gave serious consideration to Plaintiff's allegations of extreme limitations, but appropriately determined that these allegations were not entirely consistent with the record.  For example, Plaintiff alleged that her pain was consistently a 7 to 10 on a 10-point scale, and often so extreme, she could not get out of bed.  Yet, during her alleged period of disability, Plaintiff was able to work full-time, and only stopped because her employer went out of business.  Plaintiff's activities of daily living and the objective medical evidence were also out of proportion with her relatively extreme subjective complaints.  Nonetheless, the ALJ imposed significant limitations in Plaintiff's RFC—limiting her ability to stand, walk, and lift, imposing postural limitations, environmental limitations, and mental limitations.  Based on testimony of a vocational expert, the ALJ ultimately determined Plaintiff was able to work.

Nature of Action and Prior Proceedings

Plaintiff applied for disability insurance benefits and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 (Tr. 159-66, 167-72).  Sections 205(g) and 1631(c)(3) of the Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), provide for judicial review of a "final decision" of the Commissioner of the Social Security Administration (SSA).  Plaintiff's claims were denied initially (Tr. 103-09).[1]  On August 27, 2014, following a hearing, an ALJ found that Plaintiff was not under a "disability" as defined in the Act (Tr. 6-23).

After careful consideration of the entire record, the ALJ found that Plaintiff had severe impairments that included autoimmune hepatitis, autoimmune deficiency disorder, and spondylolysis (Tr. 12).  However, the ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 13).  The ALJ determined that Plaintiff retained the RFC to perform light work except that she could lift and carry twenty pounds occasionally and 10 pounds frequently; stand and walk for three hours and sit for six; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl, but could never climb ladders, ropes, or scaffolds (Tr. 13).  She should avoid concentrated exposure to temperature extremes, unprotected heights, fast moving machinery, and vibration, and was limited to unskilled work consisting of one-to-two step instructions (Tr. 13).  The ALJ found that Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy, including work

---

[1] Missouri is one of several test states participating in modifications to the disability determination procedures, which eliminate the reconsideration step in the administrative appeals process.  See 20 C.F.R. §§ 404.906, 404.966, 416.1406, 416.1466.  Plaintiff's appeal in this case proceeded directly from the initial denial to the ALJ level.

as a patcher, touch up screener, or charge account clerk (Tr. 18-19).  Consequently, the ALJ

found that Plaintiff was not disabled (Tr. 19).

On September 18, 2015, SSA's Appeals Council denied Plaintiff's request for review (Tr.

1-3).  Thus, Plaintiff has exhausted her administrative remedies, and the ALJ's decision stands as

the final decision of the Commissioner subject to judicial review.

Statement of Facts

Plaintiff applied for disability beginning on December 24, 2011, at the age of 34 (Tr. 160,

167).  According to her disability report, Plaintiff claimed she was unable to work due to

autoimmune hepatitis, lupus, and fibromyalgia (Tr. 210).  Defendant adopts the facts as set forth

by the ALJ regarding Plaintiff's medical treatment and vocational history (Tr. 9-19).  A more

specific analysis of the facts is incorporated into the Argument below.

Statement of the Issues

The general issues in a Social Security case are whether the final decision of the

Commissioner is consistent with the Social Security Act, regulations, and applicable case law,

and whether the findings of fact are supported by substantial evidence on the record as a whole.

The specific issues in this case are whether the ALJ appropriately assessed Plaintiff's "severe"

impairments at step two of the sequential evaluation process; properly determined Plaintiff's

impairments did not meet or equal the severity of a listing at step three of the sequential

evaluation process; appropriately assessed the consistency of Plaintiff's complaints with the

record as a whole; correctly assessed the medical opinion evidence of record; appropriately

determined Plaintiff's RFC; and whether the vocational expert's testimony constitutes substantial

evidence on which the ALJ's determination is based.

Standard of Review

The standard of appellate review of the Commissioner's decision is limited to a

determination of whether the decision is supported by substantial evidence on the record as a

whole.  See Milam v. Colvin, 794 F.3d 978, 983 (8th Cir. 2015).  Substantial evidence is less

than a preponderance, but enough that a reasonable mind might accept as adequate to support the

Commissioner's conclusion.  See id.

The Court must consider evidence that both supports and detracts from the

Commissioner's decision but cannot reverse the decision because substantial evidence also exists

in the record that would have supported a contrary outcome, or because it would have decided

the case differently.  See Andrews v. Colvin, 791 F.3d 923, 928 (8th Cir. 2015).  If the Court

finds that the evidence supports two inconsistent positions and one of those positions represents

the Commissioner's findings, the Court must affirm the Commissioner's decision.  Wright v.

Colvin, 789 F.3d 847, 852 (8th Cir. 2015).  The Eighth Circuit has stated that "[w]e defer heavily

to the findings and conclusions of the Social Security Administration."  Id. (quoting Hurd v.

Astrue, 621 F.3d 734, 738 (8th Cir. 2010)).

Argument

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in

any substantial gainful activity by reason of a medically determinable impairment that has lasted

or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. §

423(d).  The Supreme Court in Barnhart v. Walton, 535 U.S. 212 (2002), upheld the

Commissioner's interpretation of this statutory definition, which requires that the disability, and

not only the impairment, must have existed or be expected to exist for 12 months.  Plaintiff has

not met this burden.

A.  The ALJ Assessed Plaintiff's Impairments at Step Two of the Sequential
Evaluation Process and Considered these impairments in Combination

Plaintiff appears to argue that the ALJ erred by failing to assess all of her impairments as

"severe" at step two of the sequential evaluation process.  See Pl.'s Br. at 23-28.  Specifically,

Plaintiff argues that the ALJ did not evaluate her systemic lupus erythematosus as "severe."  See

23.  At the second step of the sequential evaluation, the ALJ must determine whether the

claimant has a "severe" combination of impairments that lasted or are expected to last for at least

twelve months.  See 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii) (describing step two)

and 404.1509 and 416.909 (describing durational requirements).  In order to be "severe," an

impairment must also be "medically determinable."  See 20 C.F.R. §§ 404.1505(a), 404.1521,

416.905(a), 416.921; SSR 96-3p.  To be medically determinable, an impairment must "be

established by medical evidence consisting of signs, symptoms, and laboratory findings, not only

by [the claimant's] statement of symptoms."  20 C.F.R. §§ 404.1508 and 416.908.  A medically

determinable impairment is "severe" if it more than minimally affects the claimant's ability to

perform work-related activities.  See Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996); 20

C.F.R. §§ 404.1521 and 416.921; SSR 96-3p.

Here, the ALJ considered Plaintiff's systemic lupus erythematosus, but referred to it in

more general terms, as "autoimmune deficiency disorder" (Tr. 12).  Notably, the ALJ found that

Plaintiff's autoimmune deficiency disorder (i.e. systemic lupus erythematosus) was "severe" (Tr.

12).  Therefore, because the ALJ considered the symptoms of Plaintiff's systematic lupus

erythematosus, but simply referred to the disorder by a different term—the ALJ adequately

considered this impairment (Tr. 12-18).

In addition to autoimmune deficiency disorder, the ALJ also found that Plaintiff's autoimmune hepatitis and spondylosis were "severe" (Tr. 12).  The ALJ considered these impairments, along with other impairments that were not severe, in assessing Plaintiff's RFC (Tr. 6-19).  Therefore, the ALJ appropriately considered Plaintiff's impairments in combination.

  B.  <u>Substantial Evidence Supports the ALJ's Finding that Plaintiff Failed to Establish that His Impairments Met or Equaled Listing 14.02.</u>

Plaintiff also appears to argue that the ALJ erred by finding that he did not meet or equal Listing 14.02.  <u>See</u> Pl.'s Br. at 23-28.  However, the ALJ appropriately assessed the listings under 20 C.F.R. Part 404.  At step three of the sequential evaluation process, an ALJ must consider whether a claimant's impairments meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  <u>See</u> 20 C.F.R. §§ 404.1505, 404.1520(4), 416.905, 416.920(4).  To meet a listing, a claimant must show that her impairment matches <u>all</u> the specified medical criteria of the listing.  <u>See</u> <u>Carlson v. Astrue</u>, 604 F.3d 589, 593 (8th Cir. 2010) (citing <u>Johnson v. Barnhart</u>, 390 F.3d 1067, 1070 (8th Cir. 2004)).  It is Plaintiff's burden to show that her impairment meets all of the specified criteria for a listed impairment. <u>McCoy v. Astrue</u>, 648 F.3d 605, 611 (8th Cir. 2011) ("[The] claimant carries the burden of establishing that his condition meets or equals all of the specified criteria.").

After considering all the evidence, the ALJ found that Plaintiff's autoimmune deficiency disorder was a "severe impairments" (Tr. 12).  At step three, the ALJ concluded that Plaintiff's severe impairments did not meet or medically equal the criteria of a listed impairment (Tr. 13).

In order to meet listing 14.02, Plaintiff must show:

A. Involvement of two or more organs/body systems, with:
1. One of the organs/body systems involved to at least a moderate level of severity; and
2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
OR

B. Repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
1. Limitation of activities of daily living.
2. Limitation in maintaining social functioning.
3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

See 20 C.F.R. pt. 404, subpt. P, app. 1, § 14.02.  After considering all the evidence, the

ALJ found that Plaintiff did not have the required elements for Listing 14.02 (Tr. 13).  Id.

Notably, Kenneth Smith, M.D., whose opinion the ALJ considered and assigned "great weight,"

evaluated Plaintiff's impairments under Listing 14.02 (Tr. 16).  Dr. Smith found that Plaintiff's

impairments did not meet or equal the severity of listing 14.02 (Tr. 13, 16, 84).  He noted that the

objective tests regarding Plaintiff's lupus were normal with medication (Tr. 14, 16, 87).

The ALJ also found that Plaintiff had no more than "mild" limitations in engaging in

activities of daily living, social functioning, or concentration, persistence, and pace (Tr. 12).

This assessment falls short of the requirement to meet or equal the Listing under part B.  The

ALJ's assessment is also entirely consistent with the opinion of Charles Watson, PsyD. (Tr. 83).

Thus, the ALJ reasonably concluded that Plaintiff's impairments did not meet or equal the

severity of Listing 14.02 (Tr. 13).

C.  The ALJ Properly Weighed the Consistency of Plaintiff's Subjective Complaints with the Record as a Whole.

Contrary to Plaintiff's argument, the ALJ appropriately assessed the consistency of

Plaintiff's testimony with the record.[2]  See Pl.'s Br. at 42-47, 51-58.  In this respect, the ALJ

made significant findings which must be considered in evaluating his RFC assessment (Tr. 11-

---

[2] The ALJ assessed Plaintiff's credibility pursuant to Social Security Ruling (SSR) 96-7p (Tr. 14).  SSR has since been superseded by SSR 16-3p.  However, the ALJ's analysis is appropriate, as SSR 16-3p did not come into effect until March 28, 2016.

18).  See 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4).  These findings must be affirmed if

they are supported by substantial evidence on the record as a whole, *even if* substantial evidence

would also support the opposite conclusion.  See Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir.

2010).  Credibility questions concerning a claimant's subjective testimony are "primarily for the

ALJ to decide, not the courts."  Vossen v. Astrue, 612 F.3d 1011, 1017 (8th Cir. 2010).  Because

the ALJ articulated the inconsistencies on which she relied in discrediting Plaintiff's subjective

complaints, and because those inconsistencies are supported by good reason and substantial

evidence, the credibility finding should be affirmed.  See Cline v. Colvin, 771 F.3d 1098, 1102

(8th Cir. 2014) ("We defer to the commissioner's credibility determinations if they 'are

supported by good reasons and substantial evidence'").

First of all, the ALJ appropriately considered that Plaintiff's work during the alleged

period of disability in considering the consistency of her subjective complaints with the record

(Tr. 11, 17).  Plaintiff worked full-time after her alleged date of onset until her employer went

out of business (Tr. 11-17, 36).  The Eighth Circuit has noted that an ALJ can consider even part-

time work when assessing ability to perform work. See Goff v. Barnhart, 421 F.3d 785, 792 (8th

Cir. 2005) ("[w]orking generally demonstrates an ability to perform a substantial gainful

activity").  Harris v. Barnhart, 356 F.3d 926, 930 (8th Cir. 2004) ("[i]t was also not unreasonable

for the ALJ to note that Harris's . . . part-time work [was] inconsistent with her claim of

disabling pain").  Thus, the ALJ appropriately considered this evidence.

The ALJ also properly considered that Plaintiff accepted unemployment benefits and

looked for work, but was unsuccessful (Tr. 11, 17, 38, 74, 169).  In accepting these benefits, she

held herself out to another government agency as able and willing to work and actively applying

for work (Tr. 11, 17, 38, 74, 169).  The Eighth Circuit has held that a claimant's actions in

looking for work supported the ALJ's unfavorable disability finding.  See House v. Astrue, 500

F.3d 741, 745 (8th Cir. 2007).  Moreover, "[a]pplying for unemployment benefits adversely

affects credibility, although it is not conclusive, because an unemployment applicant 'must hold

himself out as available, willing and able to work.'"  Smith v. Colvin, 756 F.3d 621, 625 (8th

Cir. 2014) (citing Jernigan v. Sullivan, 948 F.2d 1070, 1074 (8th Cir. 1991)).

The ALJ also considered the objective evidence of record (Tr. 15-16).  Although an ALJ

may not reject a claimant's subjective complaints solely for lack of objective medical evidence,

the ALJ may consider the absence of objective medical evidence supporting the degree of

severity alleged.  See 20 C.F.R. §§ 404.1529(c)(2) and 416.929(c)(2); Gonzales v. Barnhart, 465

F.3d 890, 895 (8th Cir. 2006) (an ALJ may determine that "subjective pain complaints are not

credible in light of objective medical evidence to the contrary" (citation omitted)).  For example,

Plaintiff alleged that she continued to have back pain every day, even with medication and that

her pain ranges from a seven to ten on a ten-point scale (Tr. 14, 48-49).  She reported she could

not sit in one spot for long periods and that she could walk no more than half a block due to back

pain (Tr. 14, 54-55).  Plaintiff also reported that her pain is sometimes so intense, she could not

leave her bed all day (Tr. 14, 59).  However, imaging showed no more than grade I

anterolisthesis spondylolysis (Tr. 15, 572).  Bone density testing was normal (Tr. 15, 461).

Examination in July 2012 showed that Plaintiff had a normal gait, full strength throughout her

body, no sensory deficits, and full reflexes (Tr. 15, 309).  Emergency room records in April 2012

reveal that despite Plaintiff's complaints of pain, she was able to move all her extremities

effectively without and signs of gait abnormality (Tr. 15, 326).  Plaintiff also admitted to her

rheumatologist that she was able to ambulate normally, complete daily activities, and climb stairs

(Tr. 15, 323).

Contrary to Plaintiff's argument, the ALJ also appropriately considered Plaintiff's

allegations of pain (Tr. 39).  See Polaski, 739 F.2d at 1322 (listing the "duration, frequency and

intensity of pain") among the credibility factors to consider).  "As is often true in disability cases,

the question was not whether [the claimant] was experiencing pain, but rather the severity of

[his] pain."  Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir. 2001).   "While pain may be disabling

if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact

that working may cause pain or discomfort does not mandate a finding of disability."  See also

Johnson v. Chater, 108 F.3d 942, 947 (8th Cir. 1997) (quoting Jones v. Chater, 86 F.3d 823, 826

(8th Cir. 1996)).  Here, the ALJ expressly considered Plaintiff's pain in evaluating her RFC (Tr.

15).  However, the ALJ also noted that not only were the objective findings relatively

unremarkable, but treatment notes indicated that Plaintiff's autoimmune condition appeared to be

stable with medication (Tr. 14, 259-61, 336).  Notably, "[i]f an impairment can be controlled by

treatment or medication, it cannot be considered disabling." Brown v. Astrue, 611 F.3d 941, 955

(8th Cir. 2010) quoting Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009).  Therefore, the ALJ's

credibility analysis supports her determination of no disability.

The ALJ also found Plaintiff's daily activities to be inconsistent with the degree of

disability Plaintiff alleged.  Plaintiff claimed that she was often confined to bed for the entire day

due to pain, could walk no more than half a block, and could not sit for extended periods of time

(Tr. 15, 54-55, 59).  Yet she was able to shop at stores, make simple meals, wash laundry, do

dishes, attend occasional school events for her son, make her bed, and care for her small dogs

(Tr. 16, 44-46, 233-40).  This level of activity is disproportionate to the level of limitation

Plaintiff described in her subjective complaints (Tr. 16).  "[A]cts such as cooking, vacuuming,

washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective

complaints of disabling pain." Medhaug v. Astrue, 578 F.3d 805, 817 (8th Cir. 2009).  Thus, the

ALJ appropriately considered Plaintiff's disability.

        D.  The ALJ Properly Considered the Medical Opinions and Third-Party Statements of Record.

Plaintiff appears to argue that the ALJ failed to assign "controlling weight" to the medical

opinions of Plaintiff's treating physicians.  See Pl.'s Br. at 41-42.  Significantly, however,

Plaintiff does not identify a single medical opinion submitted by a treating physician.  See Pl.'s

Br. at 41-42.  A "medical opinion" is an opinion about the nature and severity of an individual's

impairment(s).  See 20 C.F.R. §§ 404.1527(a) and 416.927(a); SSR 9-62p.  A treating source's

medical opinion is assigned "controlling weight," only if it is well- supported by medically

acceptable clinical and laboratory diagnostic techniques and "not inconsistent" with the other

substantial evidence in the case record.  See 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2); SSR

9-62p.

In this matter, the only "medical opinion," of record discussing Plaintiff's physical work-

related restrictions appears to be from Dr. Smith, the State agency medical consultant (Tr. 16, 84-

87).  Dr. Smith opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds

frequently; stand or walk for three hours a day and sit for more than 6; occasionally climb ramps,

stairs, ladders, ropes, or scaffolds, balance, stoop, kneel, crouch, or crawl; and must avoid

concentrated exposure to extreme temperatures, vibrations, and hazards (Tr. 84-87).  As the ALJ

noted, Dr. Smith also included a thorough explanation for his findings, which was consistent

with the medical record (Tr. 16, 87).

Plaintiff appears to argue that Dr. Smith's opinion is insufficient evidence on which to

base the RFC.  See Pl.'s Br. at 41-42, 48-49.  However, "State agency medical and psychological

consultants . . . are highly qualified physicians and psychologists who are also experts in Social

Security disability evaluation," and the ALJ "*must* consider findings of State agency medical and

psychological consultants . . . as opinion evidence." 20 C.F.R. § 416.927(f)(2)(I) (emphasis

added).  Moreover, an ALJ's RFC assessment can be supported by substantial evidence even

where there is no treating opinion of record.   In fact, the Eighth Circuit has upheld

determinations in which there was no medical opinion specifically addressing the claimant's

work-related limitations.  See Steed v. Astrue, 524 F.3d 872,  876 (8th Cir. 2008) (ALJ's RFC

finding based upon diagnostic tests and examination results); Dykes v. Apfel, 223 F.3d 865, 867

(8th Cir. 2000) (the ALJ's RFC finding was supported by medical evidence because the ALJ

relied on the claimant's treatment records); Harris v. Astrue, No. 12-5031, 2013 WL 1628412, at

*3–4 (W.D. Mo. Apr. 16, 2013) (holding that the ALJ's RFC assessment was supported by

substantial evidence even though there was no medical opinion supporting the ALJ's work-

related limitations).

Plaintiff also suggests that the ALJ erred by not assessing greater weight to third-party

statement by her daughter, Morgan Tarkington (Tr. 17, 257-58).  See Pl.'s Br. at 52.  However,

as the ALJ explained these statements, like Plaintiff's own subjective complaints, were not

consistent with the preponderance of the objective findings, opinions, and observations (Tr. 17,

257-58).  See Black v. Apfel, 143 F.3d 383, 387 (8th Cir. 1998) ("Black's parents were not

qualified to give an opinion regarding her capacity to work, however, and their testimony merely

corroborated Black's testimony regarding her activities.  The ALJ, having properly discredited

Black's complaints of pain, was equally empowered to reject the cumulative testimony of her

parents.")

E.  Substantial Evidence Supports the ALJ's Determination of Plaintiff's RFC

After thoroughly assessing the record and Plaintiff's testimony, the ALJ determined that

Plaintiff retained the RFC to perform light work except that she could lift and carry twenty

pounds occasionally and 10 pounds frequently; stand and walk for three hours and sit for six;

occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl, but could never

climb ladders, ropes, or scaffolds (Tr. 13).  She should avoid concentrated exposure to

temperature extremes, unprotected heights, fast moving machinery, and vibration, and was

limited to unskilled work consisting of one-to-two step instructions (Tr. 13).

Plaintiff argues that the ALJ erred in determining her RFC.  See Pl.'s Br. at 38-41, 47-48.

Social Security Ruling 96-8p requires that a residual functional capacity "include a narrative

discussion describing how the evidence supports each conclusion."  SSR 96-8p.  The ALJ

provided this narrative by summarizing Plaintiff's treatment notes, objective evidence, the

opinion evidence, Plaintiff's self-reported activities, and various factors assessing the

consistency of the record with Plaintiff's complaints, in determining the Plaintiff's RFC (Tr. 9-

19).  Because the ALJ's narrative explains each conclusion by reference to evidence in the

record, the statement satisfies all requirements imposed by SSR 96-8p.  The ALJ's RFC is

supported by substantial evidence (Tr. 13).

Plaintiff further suggests that the ALJ erred by failing to impose various exertional and

non-exertional restrictions such as frequent absences due to pain, difficulty remembering, no

squatting, no standing for periods greater than 5 to 10 minutes, no sitting for significant periods

of times, no grasping, no lifting more than 8 pounds, and no jobs requiring concentration.  See

Pl.'s Br. at 39.  Significantly, however, the ALJ is not required to take Plaintiff's subjective

complaints and allegations at face value.  The ALJ considered Plaintiff's allegations, and

13

imposed significant RFC limitations (Tr. 9-19).  The ALJ also explained her reasoning for the

RFC (Tr. 9-19).  Specifically, as is discussed more thoroughly above, the ALJ determined that

Plaintiff's allegations were generally more restrictive than the objective and opinion evidence

suggested.  See Smith v. Colvin, 756 F.3d 621, 625 (8th Cir. 2014) ("We defer to the ALJ's

evaluation of [a claimant's] credibility, provided that such determination is 'supported by good

reasons and substantial evidence, even if every factor is not discussed in depth.'").  The ALJ

appropriately determined Plaintiff's RFC.

> F.  Plaintiff Was Not Disabled Because She Retained the Residual Functional Capacity
>     to Perform Work Existing in Significant Numbers in the National Economy

The ALJ incorporated Plaintiff's credible impairments into an RFC finding (Tr. 13).  The

ALJ posed a hypothetical question to the vocational expert during the hearing, involving an

individual of Plaintiff's age, education, and RFC (Tr. 13, 66-69).  The vocational expert

responded that the individual could work as a patcher, touch up screener, or charge account clerk

(Tr. 19, 69-70).  The question was properly formulated so the expert's testimony that Plaintiff

could perform work that exists in substantial numbers constitutes substantial evidence supporting

the Commissioner's decision (Tr. 18-19, 66-70).  See Heino v. Astrue, 578 F.3d 873, 882 (8th

Cir. 2009).

## Conclusion

Plaintiff had a fair hearing and full administrative consideration in accordance with

applicable statutes and regulations.  Substantial evidence on the record as a whole supports the

Commissioner's decision.  Accordingly, the Commissioner's decision should be affirmed.

Respectfully submitted,

RICHARD G. CALLAHAN
UNITED STATES ATTORNEY


 s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN #43839MO
Assistant United States Attorney
111 South 10th Street, Suite 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2287 FAX
Email:  nicholas.llewellyn@usdoj.gov


OF COUNSEL
Kristi A. Schmidt
Chief Counsel, Region VII
Social Security Administration

By
MEGHAN S. FOX, MO Bar #60815
Assistant Regional Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:  Lopa Blumenthal, Attorney for Plaintiff, 320 Brookes Drive, Suite 123, Hazelwood, Missouri 63043.


s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN #43839MO
Assistant United States Attorney

15